UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-01(DSD/JJG)
Civil No. 11-460(DSD)

United States of America,

       Plaintiff,

v.                                                        **ORDER**

Dorrell Emmanuel King,

       Defendant.

This matter is before the court upon the pro se motion to vacate, set aside or correct sentence by defendant Dorrell Emmanuel King. Based upon a review of the file, record and proceedings herein, the court denies the motion in part and orders an evidentiary hearing.

**BACKGROUND**

In 1999, the United States charged King in six different states for committing fourteen bank robberies over a six month period. All charges were consolidated in the Southern District of Iowa. King pleaded guilty and was sentenced to 87 months imprisonment. He was released from federal custody in May 2006 and served a term of supervised release until 2008.

In the instant case, a grand jury in the District of Minnesota indicted King for two bank robberies, in violation of 18 U.S.C. § 2113(a). On February 9, 2010, King pleaded guilty to the two-

count indictment. In the plea agreement, the parties reserved the right to seek departures and variances. At sentencing, the court adopted the presentence investigation report and determined that application of the U.S. Sentencing Commission Guidelines Manual (Guidelines) resulted a total offense level of 21 and a criminal history category of III. Tr. 16:12-16. As a result, his advisory term of imprisonment was 46 to 57 months. Id. at 16:16-17.

The government moved for an upward departure under Guidelines § 4A1.3. Id. at 16:23-24. The court found that "King's 14 prior bank robberies committed over a period of six months, in six different states, reflect profound criminal behavior" and noted that due to their consolidation into a single proceeding, "King received three out of 42 possible criminal history points for those crimes." Id. at 17:20-22, 17:25-18:1. As a result, the court granted the motion as to criminal history category, and denied the motion as to classifying King as a career offender. Id. at 17:14-16.

The court determined that a departure to total offense level 23 and criminal history category VI, with the attendant range of 92 to 115 months was proper, because it represented the Guidelines range of other defendants whose criminal history and likelihood to recidivate resembled King. Id. at 16:18-17:22. After considering the factors enumerated in 18 U.S.C. § 3553(a), the court sentenced King to 108 months imprisonment.

King did not appeal. On February 22, 2011, King timely moved the court under 28 U.S.C. § 2255(a). The court now considers the motion.

## DISCUSSION

Section 2255 provides a person in federal custody a limited opportunity to challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court. 28 U.S.C. § 2255; see United States v. Addonizio, 442 U.S. 178, 185 (1979); Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997). Such collateral relief is an extraordinary remedy. Bousley v. United States, 523 U.S. 614, 621 (1998). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). "A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

**I.   Ineffective Assistance**

To show that he received ineffective assistance of counsel, a movant must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694, (1984).  See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009).  First, a movant must show that his counsel's performance was so deficient that it was objectively unreasonable.  See Strickland, 466 U.S. at 687.  Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference.  Id. at 689.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id.  Second, a movant must also demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Strickland, 466 U.S. at 694.

In the present case, King argues that his defense counsel provided ineffective assistance by failing to "object to the District Court[']s mistaken pronouncement of offense level" and failing to object to discussion about his prior 87-month term.  The court addresses each argument in turn.[1]

---

[1] The court does not address arguments involving procedural default because an issue remains about whether King told his
(continued...)

**II.   Total Offense Level and Criminal History Category**

    **A.   Intermediate Steps**

King first argues that he received ineffective assistance because his defense counsel failed to object to the court's "failure to adequately explain why criminal histories four and five would not be acceptable as well as comparing the Movant to offenders in those categories before arriving at catagory [sic] six." ECF No. 37, at 15. It is well-settled law in the Eight Circuit that "a ritualistic exercise in which the sentencing court mechanically discusses each criminal history category it rejects en route to the category that it selects" is not required. United States v. Levi, 229 F.3d 677, 679 (8th Cir. 2000) (quoting United States v. Day, 998 F.2d 622, 625 (8th Cir. 1993). In the present case, the court noted that had any one of the fourteen bank robberies not been consolidated for a single disposition, King would be facing an advisory range of 150 to 188 months, and as a result, the intermediate stages were inadequate. As a result, King does not show that his defense counsel's failure to request that the court discuss and reject each intermediate stage was objectively unreasonable; moreover, King's counsel addressed the departure issue in his position pleading, arguing that category III appropriately reflected the seriousness of King's criminal history.

---

    [1](...continued)
defense counsel to appeal, however, King's arguments fail on their merits.

See ECF No. 32.  Further, King does not show that the outcome would have been different had his defense counsel so requested: the court sentenced King based on consideration of the factors listed in 18 U.S.C. § 3553(a).  Therefore, relief is not warranted on this basis.

**B.  Departure to Total Offense Level 23**

King next argues that he received ineffective assistance because his defense counsel failed to object to the determination that the total offense level should be increased to 23.  The advisory Guidelines direct the court to "determine the extent of a departure ... by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's."  U.S. Sentencing Guidelines Manual § 4A1.3(a)(4)(A) (2010).  If the extent and nature of a defendant's criminal history require departure beyond criminal history category VI, "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case."  Id. § 4A1.3(a)(4)(B).

King appears to argue that the court "started his offense level calculation at 23" and that his "offense level suddenly jumped from 21 to 23 without any explanation."  King is incorrect. The court adopted the presentence investigation report and

6

determined that the total offense level was 21.  See Tr. 16:9-20. The court then addressed the motion for a departure under § 4A1.3. The court granted the motion, and followed the procedure outlined in § 4A1.3(a)(4), to determine that an advisory range of 92 to 115 months, which represents level 23 and criminal history category VI, properly reflected the range of other defendants with similar histories and likelihood of recidivism.

The record also contradicts King's argument that his defense counsel failed to object.  His defense counsel objected to the upward departure extensively in his position pleading and again advocated for a sentence between 46 and 57 months during allocution.  See ECF No. 32, at 2-8.  In short, King's defense counsel did object; there is no evidence that he acted unreasonably in any way, or that King suffered any prejudice.  To the contrary, the court noted that it would "take into effect what Mr. Norris has said.  He's a very good lawyer.  He's done a very good job for you. He's very persuasive.  He's moved me a number of times today." Tr. 10:19-22.  Therefore, relief is not warranted on this basis.

### III.  Previous Sentence

King next argues that he received ineffective assistance because his defense counsel failed object to the court's consideration of his prior 87-month sentence for bank robbery. Specifically, King argues that his defense counsel failed to tell the court that the prior sentence included "enhancements for

7

kidnaping" whereas in the instant case he did not abduct anyone to facilitate the robbery or escape. King is incorrect. His defense counsel noted the previous enhancement in his position pleading. See ECF No. 32, at 2. As a result, this argument fails. Moreover, King's defense counsel commented on the government's characterization of 87 months as a "floor" at the hearing:

> In [the Assistant United States Attorney's] mind, these are floors and ceilings. I think that the Court has a duty to make an independent evaluation of what's going on here and what will, in fact, effectuate those — or — vindicate the ideals of 3553, and to render a sentence that is both fair and reasonable on these facts.

Tr. 14:6–10. Although King's defense counsel referenced § 3553 factors, his argument applied with equal force to a departure under § 4A1.3. Therefore, relief is not warranted on this basis.

The record contradicts King's claims, and an evidentiary hearing is not necessary regarding the alleged failure to object to the departure or consideration of the previous sentence. As to these claims, King has not demonstrated either prong of the Strickland test, and relief under § 2255 is not warranted.

**IV. Failure to Appeal**

Lastly, King notes that his defense counsel "refused to file a direct appeal." ECF No. 37, at 10; see id. at 15. An attorney's "'failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of § 2255.'" Yodprasit v. United States, 294 F.3d 966, 969

(8th Cir. 2002) (quoting Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989)). A defendant need not show actual prejudice or likelihood of success on appeal to succeed on such a claim. Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992). A defendant must, however, establish that "he made his desire to appeal evident to his attorney." Yodprasit, 294 F.3d at 969. A bare assertion that an appeal was requested does not suffice "if evidence that the factfinder finds to be more credible indicates the contrary position." Id. (quotation omitted).

In the present case, the court told King that he needed to file a notice of appeal within 14 days of sentencing. See Tr. 23:4-17. The record is silent about post-sentencing discussions between King and his defense counsel. Therefore, the court orders an evidentiary hearing on the sole issue of whether King instructed his defense counsel to file a notice of appeal, and if so, whether failure to do so constitutes ineffective counsel in this case.[2]

---

[2] Pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings, if an evidentiary hearing is ordered, the court must appoint counsel for a defendant who qualifies for appointment of counsel under 18 U.S.C. § 3006A. Green v. United States, 262 F.3d 715, 716 (8th Cir. 2001). Specifically, the court must furnish counsel for any person "financially unable to obtain adequate representation." 18 U.S.C. § 3006A(b). Based upon the financial information contained in the presentence investigation report and the court's determination that an evidentiary hearing is warranted, the interests of justice require that defendant be appointed counsel.

9

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The motion to vacate, set aside or correct sentence [ECF No. 37] is denied in part, consistent with this order;

2.   An evidentiary hearing is ordered limited to the sole question of the notice of appeal; and

3.   King shall be appointed counsel to represent him for purposes of the limited evidentiary hearing.

Dated:   June 14, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court
