UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-01(DSD/JJG)

United States of America,

        Plaintiff,

v.                                                          **ORDER**

Dorrell Emmanuel King,

        Defendant.


    This matter is before the court upon the pro se motion to vacate, set aside or correct sentence; the motion to expand the record; the motion to amend rule 2255 motion and the second motion to amend section 2255 motion by defendant Dorrell Emmanuel King. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the pro se motion in part, denies the motion to expand and grants the motions for leave to amend but denies § 2255 relief as to the additional claims.


**BACKGROUND**

    In 1999, the United States charged King in six states for committing fourteen bank robberies over a six month period. All charges were consolidated in the Southern District of Iowa. King pleaded guilty and was sentenced to 87 months imprisonment (the consolidated conviction). He was released from custody in May 2006 and completed his term of supervised release in 2008.

In November 2009, King committed bank robbery in the District of Minnesota, leading to the instant case.  A grand jury indicted King on two counts of bank robbery, in violation of 18 U.S.C. § 2113(a).  On February 9, 2010, King pleaded guilty to both counts.  In the plea agreement, the parties reserved the right to seek departures and variances.  At sentencing, the court adopted the presentence investigation report and determined that application of the U.S. Sentencing Commission Guidelines Manual (Guidelines) resulted in an initial offense level of 21 and a criminal history category of III.  Tr. 16:12–16.  As a result, King's advisory term of imprisonment was 46 to 57 months.  Id. at 16:16–17.

The government moved for an upward departure under Guidelines § 4A1.3, arguing that King should be sentenced as a de facto career offender.  Id. at 16:23–24.  The court found that "King's 14 prior bank robberies committed over a period of six months, in six different states, reflect profound criminal behavior" and "obvious incorrigibility" and noted that due to their consolidation into a single proceeding, "King received three out of 42 possible criminal history points for those crimes."  Id. at 17:20–22, 17:25–18:1.  As a result, the court granted the motion as to understated criminal history and denied the motion as to classifying King as a career offender.  Id. at 17:14–16.

The court determined that a departure to offense level 23 and criminal history category VI, with an attendant range of 92 to 115 months was proper, because it represented the advisory Guidelines range of other defendants whose criminal history and likelihood to recidivate resembled King. Id. at 16:18–17:22. After considering the factors enumerated in 18 U.S.C. § 3553(a), the court sentenced King to 108 months imprisonment.

King did not appeal. On February 22, 2011, King timely filed a pro se motion for relief under 28 U.S.C. § 2255(a), claiming that he received ineffective assistance of counsel because his defense counsel (1) failed to demand that the court explain why offense level 21 and criminal history categories IV and V, and VI understated the extent and nature of his criminal history; (2) failed to tell the court that King's 87-month sentence in the consolidated conviction resulted in part from an enhancement for abduction; and (3) failed to file a notice of appeal. On June 14, 2011, the court denied the motion as to criminal history and the nature of the prior sentence, ordered an evidentiary hearing as to the request to appeal and appointed counsel. See Order 5–9, ECF No. 41.

Thereafter, King's appointed counsel moved to expand the record and to amend the original motion to add claims of ineffective assistance based on (1) the Guidelines calculations that led to the 87-month sentence in the consolidated conviction;

(2) a statement in King's position pleading; (3) failure to arrange a proffer based on King's knowledge of drug trafficking;[1] (4) failure to request a drug-dependency evaluation; (5) an insufficient statement of reasons by the court explaining the sentence; (6) failure to argue that one of King's criminal history points for marijuana possession lead to an overstated criminal history.

On November 1, 2011, the court held an evidentiary hearing to resolve the question of whether King told his defense counsel to appeal. Both King and his defense counsel testified. The parties also argued the motions to expand and amend. The court now addresses the issue of appeal raised in King's pro se motion and the motions to expand and amend.

## DISCUSSION

A movant must meet both elements of the test set forth in Strickland v. Washington, 466 U.S. 668, 694, (1984), to show that he received ineffective assistance of counsel. See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009). First, a movant must show that his counsel's performance was so deficient that it was objectively unreasonable. See Strickland, 466 U.S. at 687. Because "[t]here are countless ways to provide effective assistance

---

[1] King withdrew this motion at the evidentiary hearing because his defense counsel did try to arrange a proffer.

4

in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference.  Id. at 689.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Second, a movant must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

## I.   Request to Appeal

An attorney's "'failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of § 2255.'" Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002) (quoting Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989)).  A defendant need not show actual prejudice or likelihood of success on appeal to succeed on such a claim.  Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992).  A defendant must, however, establish that "he made his desire to appeal evident to his attorney." Yodprasit, 294 F.3d at 969.

Based on the evidence and submissions received in the present case, the court finds that King has established that he made his desire to appeal known to his defense counsel immediately after the sentencing hearing.  It appears that King's defense counsel advised

against appeal given the denial of the government's motion to sentence King as a career offender and imposition of what the court described as a compassionate sentence.[2]   The decision to appeal, however, rests with the defendant, and defense counsel must carry out his desire regardless of whether legitimate grounds for appeal exist or whether counsel believes that an appeal is contrary to a defendant's best interests.   There is no evidence that King expressly told his defense counsel not to appeal after his initial request.   As a result, the interests of justice and due process require resentencing to give King the option to take an appeal. Therefore, the pro se motion to vacate, set aside or correct sentence is granted in part, in accordance with the June 14, 2011, order of the court.

## II.  Motions to Expand and Amend

King also makes several motions to expand the record and amend his § 2255 motion to assert additional claims of ineffective assistance.   With exceptions not relevant here, § 2255 places a one-year limit on motions for post-conviction relief.   See 28 U.S.C. § 2255(f).   King's conviction became final on May 11, 2010, when fourteen days passed without filing an appeal.   King timely

---

[2] The court does not suggest that defense counsel acted improperly by giving advice that he believed was in King's best interests.   A sentence in the range urged by the government might have been procedurally and substantively reasonable under the Guidelines and § 3553(a).   As a result, it was foreseeable that an appeal might lead to a cross appeal by the government and thus expose King to risk of a longer sentence.

filed the original pro se motion.  The present motions, filed in October 2011, fall outside of the one-year period.

King argues that his proposed amendments are timely because they relate back to his original pro se motion.  Rule 12 of the Rules Governing Section 2255 Cases allows application of the Federal Rules of Civil Procedure "to the extent that they are not inconsistent with any statutory provisions or rules."  <u>See also</u> 28 U.S.C. § 2242; Fed. R. Civ. P. 81(a)(4).  As a result, Federal Rule of Civil Procedure 15 applies to motions to amend a § 2255 motion. <u>See</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005) (addressing question under 28 U.S.C. § 2254); <u>United States v. Hernandez</u>, 436 F.3d 851, 856–57 (8th Cir. 2006) (§ 2255 motion).

Under Rule 15(c)(2), claims relate back to the original pleading when they arise out of the same "conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  Fed. R. Civ. P. 15(c)(2).  When applied to a § 2255 motion, a claim relates back to the original motion if it arises out of a common core of facts.  <u>Hernandez</u>, 436 F.3d at 858–59; <u>see</u> <u>Felix</u>, 545 U.S. at 664;

In this action, the original motion challenged the assistance provided by King's defense counsel based on questions of criminal history, advisory Guidelines calculations and determination of the

proper sentence.[3]   The proposed amendments are based on the same operative facts, and are similar in time and type.   Cf. Hernandez, 436 F.3d at 857 (holding that claims "must be of the same "time and type" as those in the original motion" to relate back).   Therefore, the proposed expansion and amendments relate back to the original motion and are timely.

Both parties argued the merits of the expansion and amended claims, and consistent with the statements of the court at the evidentiary hearing, the court disposes of each as follows.

## A.   Expansion   Regarding   Guidelines   Calculation   in Consolidated Conviction

King first moves to expand the record to note that his sentence in the consolidated proceeding included a 36-month[4] increase based on a Guidelines enhancement for abduction.   The court already addressed this issue in its June 14 order.   Order 7-8.   In that order, the court determined that the record contradicts King's claim: his defense counsel cited the section of

---

[3] Although the court disposed of most claims in the original motion, it withheld final disposition pending the evidentiary hearing.   As a result, the original motion remains pending.

[4] The court notes that the 36-month increase is based on an assumption that, absent the abduction enhancement, the Iowa court would have sentenced King to the bottom of the 51- to 63-month range rather than the middle, as it did with the 78- to 97-month range.   Regardless, the 30- to 36-month increase was before the court at sentencing in the instant case.

the Guidelines imposing the 4-level increase for abduction.  As a result, the information was before the court at sentencing, and therefore the motion to expand is moot.

**B.   Defense Counsel Letter**

King next moves to amend his motion to claim ineffective assistance of counsel based on his defense counsel's position pleading, in which he stated:

> Mr. King is a young man who has made serious mistakes in his life.  He has received some punishment for those mistakes.  He knows that the Court will sentence him to a term of years significantly longer than any he has previously served.  But he is not irredeemable, and he does not need to sit in prison for the next 15 or so years to atone for his offense.

ECF No. 23, at 9.  Specifically, King argues that he did not authorize his defense counsel to state that "[King] knows that the Court will sentence him to a term of years significantly longer than any he has previously served."

The rhetorical and strategic choices of defense counsel to cast King as accepting responsibility are within his sound discretion, especially viewed in the context of a nine-page brief and allocution repeatedly advocating for a 46 to 57 month sentence.  See id. at 2, 9; Tr. 4:10-11, 6:13-17, 8:14-19.  For example, the next paragraph urges the court to impose "a sentence no more than that recommended by the United States Sentencing Guidelines."  ECF No. 23, at 9.  Such advocacy falls well within the range of

reasonable assistance; as the court noted, defense counsel was quite effective in convincing the court to sentence King only to 108 months.

Moreover, the court does not consider the expectations of a defendant when determining what sentence is sufficient, but not greater than necessary to comply with the factors enumerated in 18 U.S.C. § 3553(a).  King cannot show that but for the challenged statement by his defense counsel, he would have received a more favorable sentence.  Therefore, this claim fails.

### C.    Drug Dependency Evaluation

King next argues that he received ineffective assistance of counsel because his defense counsel did not seek a professional evaluation of King's drug dependancy.  King's drug dependency was never in dispute: the position pleadings, presentence investigation report and sentencing hearing are full of references to King's intractable addiction.  See, e.g., ECF No. 32, at 1–2, 8; Tr. 4:19–22, 4:25–5:8, 5:16, 6:23–7:10, 8:1:7, 8:13–14, 9:7–10.  In short, an evaluation could have had no effect on the outcome because the parties and the court fully understood and considered King's substance abuse.

### D.    Written Statement of Reasons

King also argues that he received ineffective assistance of counsel because the court's written statement of reasons did not state with sufficient specificity the grounds for the sentence.

"The oral pronouncement by the sentencing court is the judgment of court." United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994). A court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall v. United States, 128 S. Ct. 586, 597 (2007). Pursuant to § 3553(c), the court must "at the time of sentencing ... state in open court the reasons for its imposition of the particular sentence." 28 U.S.C. § 3553(c). In the present case, the court calculated the advisory Guidelines range to be 92 to 115 months based on King's "profound criminal behavior" of multiple bank robberies and then, based on consideration of the § 3553(a) factors, determined that a sentence of 108 months was the appropriate sentence. King cannot show that but for the specificity of the written statement of reasons — or the reasons articulated in court — he would have received a more favorable sentence. Therefore, this claim fails.

### E.   2005 Conviction for Possession of Marijuana

Lastly, King argues that he received ineffective assistance because his defense counsel failed to argue that one additional point assessed for a 2005 conviction for marijuana possession made category III an overstatement of King's criminal history. This argument is without merit. The court determined that criminal history category III, after committing fourteen bank robberies in six states, grossly understated his criminal history. The single

point for a drug conviction does not lead to an understated criminal history, and the decision not to make such a frivolous argument is well within the range of reasonable counsel. In short, there is no chance that the outcome would have been different had King's defense counsel done so. Therefore, this claim fails.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The pro se motion to vacate, set aside or correct sentence [ECF No. 37] is granted in part and King shall be resentenced;

2.   The motion to expand the record [ECF No. 48] is denied;

3.   The motion to amend/correct Rule 2255 motion [ECF No. 50] is granted;

4.   The second motion to amend/correct section 2255 motion [ECF No. 53] is granted; and

5.   The claims asserted in the motion to amend and second motion to amend are denied in accordance with this order.

Dated:  November 8, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court